STATE OF MONTANA,
    Plaintiff,

-vs-

CODY LYNN FLETCHER,
    Defendant.

CAUSE NO. DC-10-155A
DECISION

On March 3, 2011, the Defendant was sentenced for Count II: Sexual Assault, a felony, in violation of Section 45-5-502, MCA, to Montana State Prison for a term of Forty (40) years, with Twenty (20) years suspended; designated Level-1 Sexual Offender; not eligible for parole for Ten (10) years and until he successfully completes Sex Offender Treatment Program I and II; and other terms and conditions given in the Judgment and Sentence on March 3, 2011. Count I: Attempted Sexual Intercourse Without Consent, a felony, in violation of Section 45-5-503(1), MCA, was Dismissed.

On February 28, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the

Division").

The Defendant was present by Vision Net from the Great Falls Regional Prison in Great Falls, Montana, and was represented by Ed Sheehy, Jr., Montana Office of Public Defender. Mr. Sheehy appeared by Vision Net from his office in Missoula, Montana, due to severe weather and traveling conditions. The State was represented by Kenneth Park, Deputy Flathead County Attorney.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

It is the unanimous decision of the Division that the open-ended provision for payment of restitution in an indefinite amount, at an uncertain time in the future, is a **clearly excessive punishment** given Montana Supreme Court rulings concerning restitution. Accordingly, we Order that the open-ended restitution provision on Page 5, Paragraph Number 2 of the Judgment be stricken. The Division unanimously finds that the remainder of the sentence imposed by the District Court is not clearly inadequate or clearly excessive and is AFFIRMED.

Done in open Court this 28th day of February, 2014.

DATED this 31st day of March, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Kathy Seeley and Member Hon. Brenda Gilbert.